**RALPH O. BLOEMERS, OSB # 984172**
ralph@crag.org - (503) 525-2727
**CHRISTOPHER G. WINTER, OSB # 984355**
chris@crag.org - (503) 525-2725
Crag Law Center
917 SW Oak Street, Suite 417
Portland, OR 97205
Fax: (503) 296-5454
*Attorneys for Plaintiffs Hood River Valley Residents Committee & Mike McCarthy*

**JONATHAN RADMACHER, OSB# 924314**
McEwen Gisvold LLP
1100 SW 6th Ave Ste 1600
Portland, Oregon 97204
Tel. (503) 412-3522
Fax: (503) 243-2687
*Attorney for Plaintiff Mt. Hood Meadows*

**WILFORD K. CAREY, OSB# 720477**
wcarey@gorge.net
Annala, Carey, Baker, Thompson and Van Koten, P.C.
305 Cascade Ave.
Hood River, Oregon 97031
Tel. (541) 386-1811
Fax: (541) 386-6242
*Attorney for Plaintiff Hood River County*

**STEPHEN MADKOUR, OSB# 941091**
smadkour@clackamas.us (503) 655-8362
Clackamas County Counsel
2051 Kaen Road, Suite 460
Oregon City, Or 97045
Tel. (503) 655-8362
Fax: (503) 742-5397
*Attorney for Plaintiff Clackamas County*

**BILLY J. WILLIAMS, OSB # 901366**
United States Attorney
**STEPHEN J. ODELL, OSB # 903550**
Assistant United States Attorney
steve.odell@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1024
Fax: (503) 727-1117
  Of Attorneys for Defendants

Page 1 – JOINT STATEMENT OF AGREED-UPON FACTS
  *HRVRC v. Peña,* Case no. 3:15-cv-1397-BR

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HOOD RIVER VALLEY RESIDENTS COMMITTEE, an Oregon non-profit corporation, MIKE MCCARTHY, individually, HOOD RIVER COUNTY by and through the BOARD OF COUNTY COMMISSIONERS OF HOOD RIVER COUNTY, an Oregon municipal corporation, CLACKAMAS COUNTY, by and through the BOARD OF COUNTY COMMISSIONERS OF CLACKAMAS COUNTY, an Oregon municipal corporation, and MT. HOOD MEADOWS OREGON, LLC, an Oregon limited liability corporation.<br><br>*Plaintiffs,*<br><br>v.<br><br>JIM PEÑA, Regional Director of Region 6 of the United States Forest Service; LISA NORTHROP, Supervisor, Mt. Hood National Forest of the United States Forest Service; THOMAS L. TIDWELL, Chief of the United States Forest Service; and the UNITED STATES FOREST SERVICE, an Administrative Agency of the United States Department of Agriculture,<br><br>*Defendants.* | Case No.: 3:15-cv-01397-BR<br><br>**JOINT STATEMENT OF AGREED-UPON FACTS** |

Plaintiffs and Defendants hereby jointly and respectfully submit this statement of agreed-upon facts, as follows:

1. The North side of Mt. Hood at Cooper Spur contains unroaded wildlands, a drinking watershed, late-successional tree stands, and a unique backcountry winter

Page 2 – JOINT STATEMENT OF AGREED-UPON FACTS
    *HRVRC v. Peña,* Case no. 3:15-cv-1397-BR

sports area containing many historic structures from the late 1800s and early 1900s. AR 8481, 8835.

2. The historic structures on the North side of Mt. Hood include the Cloud Cap Inn, the Tilly Jane A-Frame, the Tilly Jane Guard Station, an outdoor amphitheater and other structures. AR 84. The area has been used and enjoyed for winter recreation since the 1870s. The area also contains the Cooper Spur Ski Area, a small ski area of about 50 acres in size, and the historic Tilly Jane Trail.

3. The area on the North side of Mt. Hood is commonly known as Cooper Spur and also includes the source of the Crystal Springs Drinking Watershed; a 6.9-square mile area that feeds a spring relied upon by about 25 percent of the residents of Hood River County. AR 8835.

4. In 2001, some local residents in Hood River County expressed concern with a proposal by the County to trade away over 620 acres of county-owned land in the Crystal Springs Drinking Watershed to Mt. Hood Meadows Oregon, LLC ("MHM") for development. Notwithstanding the expression of the concerns by some residents, the Board of Commissioners of Hood River County proceeded with the trade.

5. Around the same time, MHM purchased the Inn at Cooper Spur, located on private land, and, separately, the Cooper Spur Ski Area, located on the Mt. Hood National Forest. MHM then proposed to build a large four-season destination resort encompassing the land it received from Hood River County, the private land associated with the Inn at Cooper Spur, and the Cooper Spur Ski Area. Cumulatively, MHM was proposing development on well over 2,000 acres of land on the North side of Mt. Hood.

6. The HRVRC learned about each of these proposals and took legal action to oppose the land trade and the destination resort proposal. The HRVRC filed suit against the land trade in Oregon State Court on March 27, 2002. *See Hood River Valley Residents Comm. v. Bd. of Cty. Comm'rs of Hood River Cty.*, Hood River County Case No. 020029CC. The HRVRC also opposed the designation of the land in Cooper Spur as being suitable for a destination resort by Hood River County under Oregon land use law.

7. In 2003, U.S. Reps. Walden and Blumenauer held their first summit at Timberline to publicly discuss the possibility of additional Wilderness protections for Mt. Hood, which included the possibility of protections for the North side of Mt. Hood.

8. In June of 2004, in HRVRC's State Court case challenging the land trade between Hood River County and Mt. Hood Meadows, the Oregon Court of Appeals reversed and remanded an order of the Hood River County Circuit Court dismissing the case on jurisdictional grounds. *See Hood River Valley Residents Comm.. v. Bd. of Cty. Comm'rs of Hood River Cty.*, 193 Ore. App. 485 (2004). Thereafter, the parties entered into mediated settlement discussions with each other.

9. In the summer of 2004, Senator Wyden advanced his vision for Wilderness on the Mt. Hood National Forest, including a Wilderness designation for a portion of the Cooper Spur area.

10. Later in the summer of 2004, Reps. Blumenauer and Walden held a second summit on the mountain to discuss the public's vision for Mt. Hood, which included the possibility of additional Wilderness on the Mt. Hood National Forest.

11. On July 6, 2005, after over four years of legal battles over the land trade and more than a year of mediation, the parties involved in the dispute over the North side

agreed on the terms of a settlement that would resolve the dispute. AR 8777-8791. The terms of the Settlement Agreement and the First Amendment thereto provide for permanent protection of a portion of the North side of Mt. Hood as federal Wilderness, designation of the Crystal Springs Drinking Watershed as a watershed protection zone, and preservation of the historic, natural and scenic setting of this area of Mt. Hood (collectively the "Settlement Agreement"). AR 8777-8791, AR 8826-8832. The Forest Service was not a party to the State Court litigation nor did it execute the settlement agreement that was designed to resolve the dispute.

12. A core component of the Settlement Agreement was the Government Camp/Cooper Spur land trade that would be carried out between MHM and the Forest Service in which MHM would offer up land of approximately equal value on the North side of Mt. Hood in exchange for approximately 120 acres of Forest Service land within the Government Camp community revitalization zone on the south side of Mt. Hood (the "Government Camp properties").

13. The Government Camp properties are owned by the Forest Service and have been proposed by Clackamas County for low-density residential use zoning upon coming into private ownership. AR 10910-12. Much of the land surrounding the Government Camp properties is already developed, contains primarily second-growth forest and includes signs of past development, including roads, trails, and timber harvest.

14. After signing the Settlement Agreement providing for the future, contingent resolution of the State Court litigation and other disputes among the settlement parties, the HRVRC then met with other stakeholders and Reps. Walden and Blumenauer at Timberline Lodge to discuss the proposal. In the fall of 2005, the congressmen held

another two summits, in Hood River and Portland, where the terms of the Settlement Agreement and proposed legislation were publicly unveiled and discussed.

15. Because the terms of the Settlement Agreement required federal legislation to resolve the dispute, the parties spent the next several years working with Oregon's Congressional delegation for passage of that legislation in Congress.

16. The legislation containing the Land Exchange was passed by the 111th Congress and on Mar. 30, 2009, Pres. Obama signed into law the Omnibus Public Land Management Act of 2009 (hereafter, the "Act"). AR 9115-9580.

17. Section 1206(a) and (d) of the Act provide congressional direction for the Forest Service to implement the Cooper Spur-Government Camp Land Exchange ("Land Exchange") under which the Forest Service would exchange approximately 120 acres of National Forest System land on the south side of Mt. Hood for approximately 770 acres of private land on the north side of the mountain owned by Mt. Hood Meadows, LLC ("MHM"), subject to several express conditions in the Act, valid existing rights, and compliance with existing law. AR 9142-43 & 9146-47. Section 1206(b) and (c) provide congressional direction for the Forest Service to implement the Port of Cascade Locks Land Exchange and the Hunchback Mountain Land Exchange and Boundary Adjustment, respectively. AR 9143-46.

18. Upon completion of the Land Exchange, the Act provides for 1710 acres of Forest Service land at Tilly Jane to be incorporated into the Mt. Hood Wilderness. AR 9133-34.

19. On May 26, 2009, the Forest Service requested a Preliminary Title Commitment on the non-Federal lands to be included in the Land Exchange, and the

other two Mt. Hood land exchanges prescribed by the Act. AR 9585-89. The Preliminary Title Report was completed on May 29, 2009. AR 9601-14.

20. On June 1, 2009, the Forest Service completed an initial draft of the Agreement to Initiate ("ATI") setting forth the broad outline and parameters under which the agency and MHM would indicate how they intended to proceed in implementing the Land Exchange. AR 9615-21.

21. On June 5, 2009, the Forest Service completed the initial iteration of a Federal Land Status Report ("FLST") for the Federal parcels subject to the Land Exchange. AR 9635-37.

22. On June 6, 2009, the Forest Service prepared its initial version of an Encumbrance Evaluation Report ("EER") for the non-Federal parcels involved in the Land Exchange to identify any potential encumbrances on the title to such properties that need to be cleared or otherwise satisfactorily addressed prior to execution of the Land Exchange. AR 9647-52.

23. On June 8, 2009, MHM sent a letter to the Forest Service with an offer to convey the properties owned by Mt. Hood Meadows at Cooper Spur in exchange for properties in Government Camp, subject to valid existing rights and the easements to be reserved pursuant to the Act. AR 9653.

24. On June 18, 2009, Mt. Hood National Forest Supervisor Gary Larsen sent a letter to the Regional Forester for the Pacific Northwest Region ("PNW Region") of the Forest Service advising that MHM had sent the letter referenced in the preceding paragraph. AR 9669-70. In the letter, Supervisor Larsen indicated that 64 steps will be necessary to complete the Land Exchange and offered various time frames for its

implementation depending upon the levels of available funding. Upon ascertaining the availability of such funds, he indicates his intent to "prepare an action plan that will include an estimate of how long it will take the agency to complete the land exchanges, as well as the other 41 provisions of the Act, given our level of available funding." AR 9670.

25. On June 25, 2009, the Forest Service submitted a procurement request to perform the initial Legal Description Verification ("LDV") for both the Federal and non-Federal parcels involved in the Land Exchange to review the descriptions of such parcels in the Act for accuracy and to verify the specific acreage each comprises. AR 9685-93.

26. On July 13, 2009, the Forest Service requested that a serialization and segregation be performed pursuant to 36 U.S.C. § 2202.1(b) of the Federal Land Policy and Management Act ("FLPMA"). AR 9694-95.

27. On July 17, 2009, the Regional Forester for the PNW Region sent a letter to the Mt. Hood Forest Supervisor responding to his letter dated June 8, 2009, seeking information about available funding to implement the Land Exchange and the other exchanges the Act directs the Forest Service to carry out. AR-009727-AR-009728

28. On July 22, 2009, the initial version of the LDV for both the Federal and non-Federal parcels involved in the Land Exchange was completed. AR 9753-62 & AR 9769-71. The LDVs for each parcel has been updated several times since this original iteration, and will continue to need to be updated as necessary until the Land Exchange is executed.

29. On July 23, 2009, the Forest Service requested that a Mineral Report be prepared for the Federal lands involved in the Land Exchange. AR 9772.

30. On Sept. 11, 2009, the Forest Service ordered a Phase 1 Environmental Site Assessment to be completed on the Federal lands involved in the Land Exchange to inspect and evaluate the parcels for hazardous materials. AR 9791-9839.

31. On Nov. 9, 2009, the Forest Service requested from the Oregon Water Resources Department a determination of the status of any valid water rights and/or wells on the non-Federal lands involved in the Land Exchange. AR 10090.

32. On Nov. 20, 2009, the Phase I Environmental Site Assessment was completed for the Cooper Spur Mountain Resort, which is on the non-Federal lands involved in the Land Exchange. AR 10272-10440.

33. On Dec. 29, 2009, the Phase I Environmental Site Assessment was completed for the non-Federal lands involved in the Land Exchange. AR 10499-10704.

34. On Jan. 20, 2010, the Forest Service requested valuation consultation services be performed pursuant to the Federal Land Policy and Management Act, and in support of the appraisal for the parcels involved in the Land Exchange. AR 10796-99. The Forest Service completed the Valuation Consultation Report regarding the feasibility of the Land Exchange on Feb. 22, 2010. AR 10909-49.

35. In Feb. 2010, the Forest Service prepared a briefing paper on the Land Exchange in which it laid out the then-current status and estimated timeline for implementation of the Land Exchange. The estimated project schedule as of the date of this briefing paper shows a target date of August 2011 for completion of all of the steps necessary to execute the Land Exchange. AR 10862. The Briefing paper estimated a Start Date for scoping of the Environmental Impact Statement for the Land Exchange of March 2010. AR 10860.

36. In response to the request of the Forest Service, on Feb. 25, 2010, the Bureau of Land Management completed the serialization and segregation actions for the relevant parcels involved in the Land Exchange. AR 10985-90.

37. In April 2010, at the request of the Forest Service, a private contractor issued a wetland inventory report evaluating the location and functional assessment of wetlands contained on the parcels that are subject to the Land Exchange. AR 11197-11278.

38. Prior to preparation of this wetland inventory report, the wetlands on the Government Camp property were delineated by Terra Science, Inc., which determined that such wetlands comprise 8.49 acres. The Department of State Lands accepted the wetlands delineation prepared by Terra Science, Inc. in a letter dated October 11, 2007.

39. On May 28, 2010, the Regional Office for the Pacific Northwest Region of the Forest Service indicated that it had conducted a review of the draft feasibility analysis report and draft ATI that the Mt. Hood National Forest had prepared for the Land Exchange. AR 11798-11806. The report the Regional Office issued based on its review identified lists of actions items that would need to be addressed before the Forest Service could execute a final ATI and before it could undertake an environmental analysis pursuant to NEPA or initiate the appraisal process for the Land Exchange. AR 11804-05.

40. On Aug. 9, 2010, the Forest Service executed the Land Exchange Feasibility Analysis for the Land Exchange. AR 12634-50. The Analysis includes, among other things, a preliminary review of several public benefits that may be provided by the Land Exchange, while going on to note that public benefits will be further analyzed in the EIS being prepared to analyze its effects. AR 12637. The land that the

Forest Service would acquire on the North side at Cooper Spur is potential habitat for Wolverine. AR 12637. Tilly Jane Creek contains cutthroat trout, and the streams in this area feed into the East Fork of the Hood River, which contains coho salmon and steelhead, both threatened species, as well as rainbow and cutthroat trout. AR 12638. The analysis made a preliminary finding that acquiring the Cooper Spur parcels and managing them as a Special Emphasis Watershed would result in the improvement of watershed and aquatic habitat conditions, which in turn would be of benefit to fisheries and water quality in the area. AR 12638.

41. On Aug. 19, 2010, the Forest Service and MHM executed a mutually acceptable version of the ATI setting forth the broad outline and parameters under which they indicated their intent to proceed in implementing the Land Exchange. AR 12692-12712. Among other things, the ATI sets forth a complete description of the properties to be exchanged and includes a plan to value the properties, including conducting a timber cruise of the forestland on both the north and south sides of Mt. Hood. The ATI also provides for a reservation "on the wetlands as outlined in Section 1206(a)(2)(G)(i) of the Omnibus Act." The ATI provides that, prior to the parties' subsequent execution of an separate Exchange Agreement, no action taken shall create or establish any contractual or other obligations against either the Forest Service or MHM. AR 12692. In addition, the ATI contains an Implementation Schedule that sets forth all 64 steps necessary for the completion of the Land Exchange and sets forth a final target date for execution of the last of these steps of November 2012. AR 12707-09.

42. On Oct. 6, 2010, the Forest Service issued its original scoping notice for the Environmental Impact Statement it is preparing for the Land Exchange. AR 12795-

12800. The Notice included a deadline of providing feedback on the nature and scope of the issues to be addressed in the EIS of Nov. 27, 2010. AR 12795. In response to this Notice, the Forest Service received scoping comments from various individuals and groups on the EIS being prepared for the proposed Land Exchange. AR 456-531.

43. On Oct. 8, 2010, the Forest Service published a Notice of Exchange Proposal, a notice that it published once a week for four consecutive weeks in the *Oregonian*. AR 12801 & 12821-24.

44. Prior to the filing of this action, the Forest Service prepared draft conservation easements and submitted drafts of the proposed easements to MHM in January 2012 and March 2012, including the Wetlands Conservation Easement that the Act directs it to reserve on the Federal parcels involved in the Land Exchange. AR 13691, AR 13670-79, AR 13628. The Forest Service included as an enclosure to a letter sent by Forest Supervisor Chris Worth to MHM regarding the status of the Land Exchange a revised project implementation schedule that set forth a revised target completion date of December 31, 2014. AR 13629-32.

45. More than five years after passage of the Act, on September 12, 2014, Sen. Ron Wyden and Rep. Blumenauer wrote to Mt. Hood Forest Supervisor Lisa Northrop stating in part that:

> As you know, the Government Camp/Cooper Spur land exchange would resolve decades of dispute over proposed development on the north side of the mountain, and guide future development on the south side in a manner that is consistent with local zoning and planned growth. The land exchange has bipartisan support from the Oregon Congressional delegation, as well as local businesses, conservation organizations, and citizens groups. Unfortunately despite the hard work of many, including Forest Service staff, this exchange has dragged on far beyond the time period laid out in the legislation and has suffered from a lack of resources

and staff, who have frequently changed during this process. We urge you
to put in the resources needed to get this exchange completed swiftly.

AR 16414-15.

46. On October 6, 2014, Mt. Hood Forest Supervisor Lisa Northrop sent a letter to Sens. Ron Wyden and Jeff Merkley and Rep. Blumenauer in which she stated in part:

> "We shared multiple drafts of the trail and conservation easements over the summer, and hope to reach agreement on both before the end of this calendar year. After final draft easements are in place, we will be able to initiate an appraisal request, which we hope to commence in earnest early next field season. Due to the complexity of this exchange, we expect a thorough and defensible appraisal will consume considerable agency time and resources. We anticipate the appraisal will be complete by the end of calendar year 2015."

AR 16462-43.

47. On June 30, 2015, Sens. Wyden and Merkley, and Rep. Blumenauer wrote to the Forest Service stating in part as follows:

> [C]ompletion of the exchange is exceptionally behind the schedule set by the 2009 Act. In that legislation, Congress required the Forest Service to complete the exchange within 16 months. It has now been nearly 75 months, and the parties have yet to reach agreement over the terms of the wetland conservation easement, one of several remaining components….we call upon the agency to complete the remaining components of the land exchange within one year from the date of this letter in order to avoid further noncompliance with the statutory deadline and further frustration of the intent of the 2009 Act.. The Forest Service has not acted within the direction provided by Congress.

AR 17087-88.

48. Prior to initiating this legal action, on July 9, 2015, Plaintiff Hood River Valley Residents Committee contacted the Forest Service seeking further assurances about the progress the agency was making to implement the Land Exchange. AR 17142.

49. On Sept. 30, 2015, after the filing of this legal action, the Forest Service and MHM were able to arrive at mutually satisfactory terms for the Wetlands Conservation Easement that the Act directs the Forest Service to reserve on the Federal parcel involved in the Land Exchange. AR 18227-36.

Jointly and respectfully submitted this 16th day of March 2016.

**Crag Law Center**

/s/ Ralph O. Bloemers
Ralph O. Bloemers, OSB# 984172
Christopher G. Winter, OSB# 984355
*For the Hood River Valley Residents Committee and*
*Mike McCarthy*

**Annala, Carey, Baker, Thompson & Van Koten, P.C.**

/s/ Wilford K. Carey
Wilford K. Carey, OSB# 720477
*For Hood River County acting by and through its*
*Board of County Commissioners.*

**Clackamas County Counsel**

/s/ Stephen L. Madkour
Stephen L. Madkour, OSB# 941091
*For Clackamas County acting by and through its*
*Board of County Commissioners*

**McEwen Gisvold LLP**

*/s/ Jonathan Radmacher*
Jonathan Radmacher, OSB# 924314
*For Mt. Hood Meadows Oreg., LLC*

*/s/ Stephen J. Odell*
**BILLY J. WILLIAMS, OSB # 901366**
Acting United States Attorney
**STEPHEN J. ODELL, OSB # 903550**
Assistant United States Attorney
steve.odell@usdoj.gov
  Of Attorneys for Defendants